JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN J. HUBBS,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, et al.<br><br>        Defendants | No. EDCV 06-292 CBM (FMOx)<br><br>JUDGMENT AND PERMANENT INJUNCTION ORDER |

       Consistent with the Court's Order on Plaintiff's and Defendants' Cross Summary Judgment Motions issued on October 25, 2011 [Docket No. 166];

       And good cause appearing therefore, the Court ORDERS that Judgment shall be and hereby is entered in favor of the Defendants and against Plaintiff Norman J. Hubbs as to all claims other than Plaintiff's claim for denial of access to the law library, and that Judgment shall be and hereby is entered in favor of Plaintiff Norman J. Hubbs as to Plaintiff's claim for denial of access to the law library.

       Defendants conceded that Plaintiff was denied access to the law library as a result of the official policy at the West Valley Detention Center that the law

1

1  library be available only to detainees who are representing themselves in their
2  criminal proceedings.  As a civil detainee representing himself in a civil rights
3  case, Plaintiff did not qualify for access to the law library under this policy.  Thus,
4  the undisputed evidence shows that there is a policy as to access of a law library
5  that was the moving force behind Plaintiff's denial to the law library.
6       The denial of a detainee's access to a law library constitutes a violation of
7  the due process right to access to the courts if there is no meaningful access to
8  courts available.  *Bounds v. Smith*, 430 U.S. 817, 830 (1977).  In order to establish
9  a constitutional violation, a plaintiff must establish that he was actually injured as
10 a result of the denial of access to a law library– that is, that the operative policy
11 hindered the inmate's efforts to pursue a legal claim.  *See Lewis v. Casey*, 518
12 U.S. 343, 350-55 (1996).  Here, Plaintiff suffered actual injury because of his
13 inability to submit a filing in his pending Section 1983 case, hindering his efforts
14 to pursue his legal claim.  Plaintiff is entitled to injunctive relief against the
15 County and Sheriff Penrod in his official capacity on the claim for denial of access
16 to the library.  Plaintiff is awarded nominal damages for this violation of a
17 constitutional right in the amount of one dollar.  *See Carey v. Piphus*, 435 U.S.
18 247, 267 (holding that a Section 1983 plaintiff whose rights have been violated is
19 entitled to "nominal damages not to exceed one dollar").  Plaintiff has not
20 provided evidence to establish that Plaintiff is entitled to any other compensatory
21 or exemplary damages.
22      The Court ORDERS Defendants to provide Plaintiff Norman J. Hubbs the
23 same access to a law library that is afforded under current West Valley Detention
24 Center policy to detainees representing themselves in criminal proceedings.
25 / /
26 / /
27 / /
28

The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

**IT IS SO ORDERED.**

DATED: March 16, 2012        By _____
                                                    CONSUELO B. MARSHALL
                                                    UNITED STATES DISTRICT JUDGE